May it please the court, my name is Marianne Royal. I appear today on behalf of Mr. Tarrer, who is the defendant appellate in this case. Could you talk a little louder for us? Thanks. Mr. Tarrer is the defendant appellate in this case. Today we are asking the court to vacate and remand his case for resentencing. He was sentenced under the mandatory minimum of possession of more than 50 grams of cocaine base. The reason we request the remand is because of the application of the safety valve in this case. The question at the sentencing was whether he possessed a firearm with connection with this offense. I will leave the argument regarding the firearm enhancement to the briefs and will today only address the safety valve. I would though note that there is a different burden of proof for each one. The burden of proof for the safety valve is the defendant must show that he did not possess the firearm in connection with the drug offense. The inquiry is two-fold. First was their possession and second was the weapon connected to the offense. In this case, possession was at issue. It was not conceded. The defendant did stipulate that he bought the firearm from Ms. Tarrer. There is also a statement in the police report and the resentence report that stated that when the firearm was found in Ms. Rory's home, who was a friend of Mr. Tarrer, he said that everything there was his. But at sentencing, the probation officer said he could not, since Tarrer also said at that time that he stipulated that he had purchased the gun from Ms. Rory, he could not say that that was an admission. In this case, the possession could not be found. There was no actual possession. The gun was not found on Mr. Tarrer's person or within his control at the time of his arrest. And the issue could be... Go ahead. I'm a little confused. I read the record to read that the officer stopped his girlfriend, Rory, with the backpack and in the backpack they found the weapon. Right. And then the next day your client is asked about what was found on Ms. Rory's person and he indicated that everything that was at the house was his. He said everything at the house was his, but he also said that he purchased the gun from Ms. Rory. That's what the probation officer stated. Okay, I understand that. That's what he said at the sentencing. But at the time that he was interviewed earlier in the case, the incriminating admission was that it was his. Did I miss something? Well, the probation officer said that he said everything was his, but he also said at the same time that he purchased the gun from Ms. Rory. I understand, but didn't the jury convict him of the firearms offense as well? He was not convicted or charged with it. No charge with a firearm? No. So the only question is whether or not that weapon was used in connection and could be tied in. That's correct. But the girlfriend said it was his and not hers, right? She said everything in that drawer was his. She did. So what are you questioning? The sufficiency of the evidence to support that the gun was his? Well, that would actually get into, I believe, constructive possession because he didn't have the gun with him at the time, and then the question is the applicability. At the time is what time? At the time of the – well, he didn't have the gun with him when he was arrested, and there was no testimony that he ever had a gun with him. We have multiple cases that say he doesn't have to have it with him when he's arrested. That's true, but there was no testimony that he ever was seen with a gun, that he ever used a gun in terms of these crimes. There was no one that ever – there was no connection. Wasn't the gun kept closely accessible to the stash, his inventory? Well, his inventory – that's an inference that would have to be drawn. His inventory – the amount of sale for the first sale was 900 pills, and the second sale was over 2,000. The second sale, he went to the McDonald's to pick up the MDMA. The first sale, the inference would have to be drawn that he kept the pills in that drawer, and it's not – all the evidence that shows in terms of his sales were that he kept the pills in his car. But I thought she cleaned everything out of the house after an associate said that he'd been arrested and you better get this stuff out of there. She did remove – she did look through the house and then remove the gun and – Including drugs and the gun. So why – I guess I'm kind of where Judge Tashima was coming from. Why isn't that sufficient evidence under the relatively low standard of proof that applies to the sentencing determination to support the district court's factual determination that he possessed the weapon? Well, the statute in terms of the safety belt does not say proximity or even possession – mere possession disqualifies a defendant. In connection with, right? In connection with. There has to be a connection. That's correct. Okay, so she goes to the house to clear out all the incriminating evidence, which includes guns and drugs. Why isn't – why can't the district court draw a connection from those facts? Well, he was not – for one thing, he wasn't charged with those drugs. So what? They're part of the offense. If he gets a break and they don't charge him with that quantity – if I go to Sam's and I buy 2,000 pills, the actual transaction takes place at the checkout counter. But the inventory is over there in the section where they have pills and vitamins and all that stuff. And that's where they have all the bottles of pills. And to me, this guy looks just the same except it's an illegal trade instead of a legal trade. And he's got the nine where he's got his inventory and his crime takes place not only at the checkout counter but in possessing the inventory for purposes of selling it at the checkout counter. The checkout counter may be where he meets people in his car, but the inventory is where he keeps all the pills and, of course, he needs to protect his inventory. So he needs a gun. He can't very well call the cops because somebody's shoplifting your inventory if your inventory is contraband. What am I – that's how I understood the case when I read the record. And obviously, my understanding has to be mistaken in order for your argument to prevail. So just lay out why it's mistaken. Well, first of all, the judge did not find that the house was a stash house. Ms. Rory testified that he did not keep drugs or sell drugs from his house – from her house. At the sentencing, the district – before the district court, the trial counsel pointed out that everything that was necessary to conduct the drug business was kept in Mr. Terer's car. One transaction occurred at the Cushman residence, but he did not live there. He did not even stay there more than one night a week for the prior month and a half before the transaction occurred. Therefore, he didn't have – Well, I'm missing something here. I'm looking at the supplemental excerpts of record 18 to 20, and the evidence shows that Rory searched the drawers where she let Terer keep some of his possessions at her home and found cocaine, ecstasy, and a firearm. Why can't the district court look at that evidence and conclude that the guns and the drugs are all connected together and that they're not Rory's, they belong to your client? In terms of the nexus, the gun has to be easily accessible and strategically placed in an area that's a focal point of the drug operation. In this case, the focal point of the drug operation was Mr. Terer's car. Okay, but the fact that he did business someplace else doesn't mean that he can't stash the incriminating evidence at his home. I mean, in some respects, this is a stash house. It's where he kept the drugs and the weapon when he wasn't out in his car dealing dope. To me, this is a very simple case, and maybe I'm missing something here. Maybe your argument is so subtle that it's going right over the top of my head, but I just don't see this as all that tough a case. I guess all that I can say is that the court did not find that it was a stash house and that the focal point in terms of his cell and that no other person in the case ever saw him with a gun. Do you want to reserve a little time? Yes, Your Honor. Thank you, counsel. Good morning, Your Honors. May it please the Court. My name is Mike Morgan. I represent the government on this appeal. The sole issue, as framed by counsel, is whether or not the evidence was sufficient to support the district court's finding that the defendant possessed the gun found in the drawer in Ms. Rory's home. Could you remind us what were the district judge's words about that, his finding? The district court specifically found the defendant's claim at the sentencing was that the drugs and gun, the drugs belonged to Rory, and the gun, while I did purchase the gun on the street, I immediately gave it to Rory for her protection. I point the court to excerpts of record page 139, which is where the court's findings are. The court specifically rejected the defendant's claim, found that, in fact, the drugs and gun did belong to the defendant. And that finding is easily supported on this record, and I should point out that since we're talking about the safety valve, it's actually the defendant's burden to prove that he did not possess the gun and that the gun was not used in connection with the offense. So we're actually talking about that it's the defendant's burden to prove the negative, which on this record he clearly cannot. The only evidence supporting his theory was his unsworn statement, which the court rejected. And on this record, that finding is plainly correct and certainly couldn't be viewed as clearly erroneous. The facts are simply this. I mean, it may well be. Lay out now exactly why the gun was possessed in connection with the drugs. Earlier in the day, there was a transaction for 900 ecstasy pills. That transaction took place at 3811 Cushman, which is the site where the gun was found. We know that the defendant was the source of those pills because he admitted as much at his plea colloquy. He specifically admitted that he was the source of those 900 pills. Okay, so earlier in the day, he sold ecstasy at this address. Well, he gave ecstasy to a co-defendant who then turned around and sold it. But yes, he was the source of the pills for sale. And that happened earlier in the day. We know that the defendant had keys to that home. We know that the defendant was given access to the drawer in the bedroom where the gun, ecstasy, and cocaine were found. Rory's testimony on that point was unrebutted by the defense. So we know that there was drug activity happening in the home. We know that the gun, drugs, and other drugs were found in a location that was reserved for the defendant's access. Where was the gun found now? The gun was found in a drawer of a dresser in the bedroom. The gun was found in the drug drawer? Yes, it was found in the drug drawer, and Rory testified that that was the drawer, one of two drawerss actually, that she had given, allowed the defendant to use when he stayed there one, two nights a week. And again, her testimony on that point is unrebutted by the defense. So the gun is found in the location in the home reserved for the defendant's use. And, in fact, didn't she say that what someone told her to get that stuff out of the house, right? Something like that? Yes. After the defendant is arrested, she gets a telephone call from an associate saying the defendant has been arrested. Is there anything in the home? She goes through his drawer, finds the gun and drugs, takes them out, and is on her way to get rid of them when she's stopped by the police. And her testimony is, in fact, that she had never seen the gun before. And again, whatever problems there may have been with other aspects of Rory's testimony, the district court credited her on this point. And again, her testimony on this point is essentially unrebutted, except for the defendant's story that I gave her this gun for protection. But that's just implausible on its face, because if he gave this gun to Rory for protection, why would it be stored in his drawer with his stash? That doesn't make any sense, as the district court found. If the court has no other questions, I'll rest my briefs and ask that the judgment be affirmed. Thank you. Thank you, counsel. Counsel? Thank you. United States v. Terror is submitted.
judges: Kleinfeld, Tashima, Tallman